UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-CR-30021-MAP |
| | ) | |
| JEREMIAH J. SALAMON, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION REGARDING DEFENDANT'S
REQUEST FOR AN ORDER OF PAYMENT SCHEDULE FOR RESTITUTION ORDER
(Docket. No. 195)

I.      INTRODUCTION

On May 25, 2011, the Honorable Michal A. Ponsor sentenced Defendant Jeremiah J.

Salamon ("Defendant") to pay restitution of $300,000 in connection with his convictions for

advertising and distributing material involving the sexual exploitation of minors.  Before the

court is Defendant's Request for an Order of Payment Schedule for Restitution Order in which

Defendant contends that the court erred when imposing his sentence by failing to set a schedule

for payment of restitution, and requests that the court amend the criminal judgment to

incorporate the payment schedule he proposes (Dkt. No. 195).  The court referred Defendant's

motion for report and recommendation to me (Dkt. No. 200).  For the reasons set forth below, I

recommend that the motion be denied.[1]

---

[1] In making this recommendation, while I reviewed and considered all of the parties' pleadings
relating to the motion (Dkt. Nos. 195-197, 199, 203-204), I did not rely on the government's sur-
reply (Dkt. No. 203), which reports on deposits into Defendant's inmate trust account from
January 3, 2019, through May 10, 2023.  Defendant has moved to strike the sur-reply.  If the
court adopts the recommendation set forth herein, I recommend that the court deny Defendant's
motion to strike as moot.

II.     FACTUAL BACKGROUND

On April 8, 2010, the United States charged Defendant by superseding indictment with two counts of advertising material involving the sexual exploitation of minors in violation of 18 U.S.C § 2251, and one count each of distribution of material involving the sexual exploitation of minors and possession of material involving the exploitation of minors, in violation of 18 U.S.C § 2252 (Dkt. No. 42).  The government and Defendant entered into a plea agreement (Dkt. No. 69), and on May 25, 2011, following Defendant's guilty plea, the court entered judgment, sentencing Defendant to 236 months of incarceration followed by 180 months of supervised release, imposing a special assessment of $400, and ordering restitution of $300,000 to be split evenly between two victims (Dkt. No. 83 at 7-8, 19-31).  The court did not impose a fine because it found that Defendant lacked the financial ability to pay one (Dkt. No. 83 at 41).  The portion of the criminal judgment addressing restitution provided that restitution was to be paid "while defendant is incarcerated" (Dkt. No. 78 at 5) and further provided that:

> Payment of the restitution shall begin immediately and shall be made according to the requirements of the Federal Bureau of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and according to a Court-ordered repayment schedule during the term of supervised release.  Should the defendant become able in the future (inheritance, etc.), he is to make a lump sum payment to satisfy the restitution obligation.

(Dkt. No. 78-1).[2]  The court declined to impose interest on the restitution amount while Defendant was incarcerated (Dkt. No. 78 at 5; Dkt. No. 83 at 39).

---

[2] The Inmate Financial Responsibility Program ("IFRP") was created to assist "each sentenced inmate to meet his or her legitimate financial obligations," including court-ordered restitution. 28 C.F.R. §§ 545.10, 545.11(a)(2).  Under the program, Bureau of Prisons ("BOP") staff assist the inmate in developing a financial plan to meet those obligations, and the inmate becomes responsible for making payments according to the plan.  28 C.F.R. §§ 545.10, 545.11(b).  If the inmate refuses to participate in the program or to comply with the provisions of his or her plan, he or she may become ineligible to enjoy certain privileges.  28 C.F.R. § 545.11(d)(1)-(11).

According to Defendant, once he entered the BOP system, he obtained a prison job and initially made payments of $25 each quarter toward his restitution obligation in compliance with IFRP requirements.[3]   Defendant further maintains that, on October 13, 2015, a staff counselor targeted him because he had been convicted of sex offenses and arbitrarily increased his IFRP payments to $50 per month (Dkt. No. 195 at 2).  Notwithstanding this increase, by May 17, 2021, Defendant had approximately $1,562.68 in his inmate trust account.  The United States moved to have all of these funds applied to Defendant's outstanding restitution obligation (Dkt. No. 186).  On May 6, 2022, the government and Defendant, who was represented by court-appointed counsel, agreed to resolve the motion with BOP turning over $800 from Defendant's inmate trust account to the court to apply to his restitution obligation.  The parties further agreed that Defendant would continue to make monthly payments under the IFRP (Dkt. No. 192).

Defendant is presently incarcerated at Fort Dix Federal Correctional Institution (Dkt. No. 195 at 1).  He claims that in March 2023, he learned for the first time from the Federal Correctional Institution Unit Team assigned to him that, absent a court-ordered payment schedule and in the aftermath of the government's motion and the court's order regarding restitution, there was confusion as to how his restitution obligation should be handled. According to Defendant, this is when he first became aware that the court had erred by failing to set a payment schedule when it sentenced him (Dkt. No. 195 at 3).  Defendant reports that his monthly prison earnings average $47.86 and that, as of May 10, 2023, he had accumulated approximately $921 in his inmate trust fund account (Dkt. No. 195 at 5).  Defendant moves that the court enter a schedule requiring him to pay no more than $50 per quarter while he is

---

[3] The government states that it was $30 each quarter.  This minor discrepancy is immaterial to this recommendation (Dkt. No. 197 at 4).

3

incarcerated and during his post-release halfway house placement, and no more than $100 per month during his period of supervised release (Dkt. No. 195 at 16-17).

III.  DISCUSSION

Section 3664(f)(2) of Title 18 provides that, "[u]pon determination of the amount of restitution owed to each victim, the court shall…specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of – (A) the financial resources and other assets of the defendant …; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant …."  Defendant asserts that the court erred by failing to impose a specific schedule for payment of restitution at the time of sentencing and failing to consider his financial resources in the restitution order as required by 18 U.S.C. § 3664(f)(2).  He further argues that the court improperly delegated the scheduling of restitution payments to the BOP.  For its part, the government contends that the court does not have authority to amend the restitution order under the applicable statutes and that, in any event, the court's restitution order properly ordered that Defendant begin paying restitution immediately and did not impermissibly delegate its authority to the BOP (Dkt. No. 197 at 1).

Because I agree that the court lacks the authority to modify the restitution judgment at this time, and, even if it had such authority, did not err in its order scheduling payment of Defendant's restitution obligation, I recommend that Defendant's motion be denied.

A.  This Court Lacks the Authority to Grant Defendant's Motion

Under 18 U.S.C § 2259, restitution for violations of 18 U.S.C §§ 2251 and 2252 is to be "issued and enforced" as prescribed by 18 U.S.C § 3664.  Subject to narrow statutory exceptions, a district court lacks subject-matter jurisdiction to amend a final criminal judgment, including the

4

restitution portion of such a judgment, after it has entered.  *See United States v. Harvey*, 20 F.4th 71, 75-76 (1st Cir. 2021) ("[T]he district court was without inherent authority to modify [the defendant's] criminal sentence once the final judgment was imposed …. That lack of authority necessarily extended to the restitution portion of the judgment because restitution was made part of his criminal sentence.") (footnote omitted).

Section 3664(o) "provides an exhaustive list of the ways in which a mandatory restitution order [such as the order in this case] can be modified," *United States v. Puentes*, 803 F.3d 597, 599 (11th Cir. 2015) (cited with approval in *Harvey*, 20 F.4th at 77), as follows:

> (1) such a sentence can subsequently be –
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5); or
> (D) adjusted under section 3664(k), 3572, or 3613A

18 U.S.C. § 3664(o).  None of these provisions apply to the instant case.  First, since the restitution order was part of Defendant's sentence, he could have challenged it under Fed. R. Crim. P. 35(a).  However, Rule 35(a) only allows errors to be corrected within 14 days after sentencing, and that time has long since passed.  *See Harvey*, 20 F. 4th at 78 ("The district court could not act under Rule 35(a) here because the amendment [to the restitution portion of the defendant's criminal judgment] took place nine years after the original criminal sentence was imposed, which is well outside of Rule 35(a)'s 14-day time limitation.").  Second, Defendant could have requested appellate review under 18 U.S.C. § 3742(a), which allows a defendant to appeal the legality of a sentence, as Defendant purports to do here (*See* Dkt. No. 199 at 2).  However, because such an appeal also must be brought within 14 days of sentencing, this option also is unavailable.  *See United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 40 (1st Cir. 2015);

Fed. R. App. P. 4(b)(1)(A).  Moreover, Defendant waived his right to appeal his sentence as part

of his plea agreement, further foreclosing this option (Dkt. No. 69 at 6; Dkt. No. 82 at 45-47).

*See United States v. Thompson*, 62 F.4th 37, 41-42 (1st Cir. 2023) (dismissing an appeal based

on a defendant's informed waiver of appellate rights).  Third, an amendment to a restitution

order pursuant to § 3664(d)(5) may be made only up to ninety days after sentencing when a

victim's losses were not ascertainable at sentencing "or when victims discover further losses

after sentencing" and petition for an amendment to the restitution order.  *United States v.*

*Pelletier*, 1:06-cr-00058-JAW-01, 2017 WL 5162800, at *9 (D. Me. Nov. 7, 2017).  This

provision does not apply when *a defendant* seeks to amend a restitution order.  *See id.*  Finally,

an adjustment may be made under 18 U.S.C. §§ 3664(k), 3572, or 3613A only when it is

demonstrated there has been a material change in the defendant's economic circumstances that

might affect the ability to pay restitution or where a defendant is found to be in default on

restitution and an adjustment is necessary to obtain compliance.  *See id.*  None of these

circumstances is present here.  "[O]n the facts of this case, there [is] no statutory provision or

rule that could provide the district court with authority to modify the restitution order."  *Harvey*,

20 F.4th at 76.

       A defendant can also challenge a sentence claimed to be unlawful, unconstitutional, issued

by a court that lacks jurisdiction, or suffering a similar defect, under 28 U.S.C § 2255.  However,

courts in this circuit and others have held that this section only applies to the custodial aspect of

the sentence, and not restitution.  *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir. 1996)

(holding that restitution could not be challenged under § 2255); *see also United States v.*

*Chorney*, 453 F. App'x 4, 8 (1st Cir. 2011) (unpublished) ("By its terms, § 2255 applies only to

petitioners 'in custody' who 'claim[] the right to be released'; it does not provide relief to those

'merely claiming the right to a reduced restitution order.'" (alteration in original) (quoting *Smullen*, 94 F.3d at 25)); *Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998) ("[W]e hold that § 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[] the right to be released from custody.'") (second alteration in original).  Binding First Circuit precedent provides that Defendant is not entitled to challenge the restitution order under § 2255.

Finally, an incarcerated prisoner may "challenge an IFRP payment plan … through BOP administrative remedies.  Upon exhaustion of those remedies, a petitioner may challenge the payment schedule through a habeas corpus petition filed … pursuant to 28 U.S.C.A. § 2241." *United States v. Gadson*, 2:19-cr-00122-JDL-2, 2:21-cr-00163-JDL, 2023 WL 3179018, at *3 (D. Me. May 1, 2023); *United States v. Stinson*, 1:17-cr-00074-JAW, 2022 WL 1747846, at *3 (D. Me. May 31, 2022) (a prisoner may challenge the BOP's calculation of his IFRP payments under § 2241 in the district in which the prisoner is incarcerated and after exhaustion of administrative remedies); *United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008). Here, Defendant does not claim to be proceeding pursuant to § 2241, nor does he claim to have exhausted his administrative remedies or to be incarcerated in this district (Dkt. No. 195 at 1, 3). In these circumstances, § 2241 does not provide this court with jurisdiction to address Defendant's IFRP payment schedule.  *See Stinson*, 2022 WL 1747846 at *3.

B.    The Sentencing Order was not in Error

Even if the court had authority to change the restitution order, which it does not, Defendant's contention that the court erred by failing to set a payment schedule and impermissibly delegated its authority to the BOP is without merit.  Defendant bases his claim on the First Circuit's decision in *United States v. Merric*, 166 F.3d 406 (1st Cir. 1999), in which the

court held "that the district judge could not empower the probation officer to make a final

decision as to the installment schedule for payments." *Id.* at 409.  *See also United States v.*

*Morán-Calderón*, 780 F.3d 50, 52 (1st Cir. 2015) (explaining that it is the law in this circuit that

it is "improper for a district court to delegate its discretion to set restitution payment schedules to

the probation office").  Defendant overlooks the cases in this circuit in which courts have held

that when a sentencing court orders immediate payment of restitution or payment of restitution

while a defendant is incarcerated, "there was no improper delegation by the courts of their

exclusive authority to determine a payment schedule.  The [BOP] was merely using the IFRP to

collect [a defendant's] court-ordered payments." *Bramson v. Winn*, 136 F. App'x 380, 381 (1st

Cir. 2005); *Carter v. Fed. Med. Ctr. Devens*, CIVIL ACTION NO. 16-11910-RGS, 2017 WL

3704566, at *1 (D. Mass Aug. 28, 2017) (holding that the district judge properly exercised his

authority to set a schedule for restitution payments when the judgment provided that restitution

payments were due during imprisonment and that the payment would be made through the

IFRP).  Indeed, in *United States v. Nardozzi*, 2 F.4th 2 (1st Cir. 2021), on a direct appeal, the

First Circuit rejected the defendant's contention that the district court erred by failing to set a

specific schedule for payment of restitution.  *Id.* at 8-9.  The language governing the schedule of

restitution payments in the judgment in a criminal case in *Nardozzi* was virtually identical to the

language employed by the court in this case.  *See United States v. Nardozzi*, No. 1:18-cr-10017-

WGY, judgment in a criminal case, at 7 (D. Mass., filed Jan. 9, 2020).  There can be no serious

argument that the court impermissibly delegated its authority over the restitution payment

schedule to the U.S. Probation Department when the court explicitly reserved its authority to set

the schedule for restitution payments during Defendant's term of supervised release in the

criminal judgment (Dkt. No. 78-1).  *See Nardozzi*, 2 F.4th at 9.

To the extent Defendant contends that the criminal judgment shows that the court failed to consider his financial circumstances when it entered the restitution portion of the judgment, this contention also fails (Dkt. No. 195 at 6).  A judge is granted wide latitude in the use of a defendant's financial information and how its influence on sentencing is communicated.  *See United States v. Salas-Fernández*, 620 F.3d 45, 49 (1st Cir. 2010) ("In making a restitutionary order, the court need not make explicit findings or even indicate what it has considered; it suffices if the record contains relevant information about, say, the defendant's income and assets."); *United States v. Theodore*, 354 F.3d 1, 8-9 (1st Cir. 2003) (holding that providing for installment payments if immediate payment of the entire restitution amount proved impossible and not applying interest or imposing a fine was sufficient evidence that the court had considered the defendant's financial circumstances).  An order requiring immediate payment, even when a defendant's funds are insufficient to pay restitution immediately and in full, does not suggest that the court failed to take the defendant's financial circumstances into account.  Here, as in *Theodore*, the court neither required interest on the restitution amount while Defendant was incarcerated nor imposed a fine, because the court appreciated that Defendant lacked financial resources (Dkt. 83 at 23, 30-31, 40-41).  The record shows that the court adequately considered Defendant's financial circumstances and took those circumstances into account by imposing no fine and waiving interest on the restitution amount during Defendant's lengthy incarceration.

IV.    CONCLUSION

For the foregoing reasons, I recommend that Defendant's motion be denied.[4]

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  August 8, 2023

---

parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.